IN THE UNITED STATES DISTRICT COURT

United States Courts
Southern District of Texas
**FILED**

MAR 1 1 2015

FOR THE SOUTHERN DISTRICT OF TEXAS

David J. Bradley, Clerk of Court

JOSE PRIMITIVO JAIMES SIERRA,

    Petitioner

vs.                        CIVIL ACTION NO._____

NASLY XIMENA RIASCOS TAPASCO,

    Respondent

## VERIFIED COMPLAINT AND PETITION FOR RETURN OF CHILD

### I. Introduction

1. This complaint is brought by Jose Primitivo Jaimes Sierra ("Mr. Jaimes"), a citizen of Mexico, against Nasly Ximena Riascos Tapasco ("Ms. Riascos"), a citizen of Colombia, for the return of their child Katherine Jaimes Riascos whom, without the knowledge or consent of Mr. Jaimes, Ms. Riascos wrongfully removed from Mexico to the United States. The child is now living with the mother in Montgomery County, Texas.

## II. Jurisdiction and Venue

2. This complaint is brought pursuant to: (i) the Convention on the Civil Aspects of International Child Abduction ("The Hague Convention" or "The Convention") (T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, reprinted in 51 Fed. Reg. 10493 (1986); and (ii) the International Child Abduction Remedies Act (now 22 U.S.C. Sections 9001-9010, recodifying 42 U.S.C. Sections 11601-11610). A copy of the Hague Convention is attached as Exhibit 1.

3. The Hague Convention was adopted by the United States on July 1, 1988 and was ratified between the United States and Mexico. The objects of the Hague Convention are:

To secure the prompt return of children wrongfully removed to or wrongfully retained in any contracting country (Article 1(a)) ;

To ensure that rights of custody and of access under the law of one contracting state are respected by other contracting states. (Article 1(b)).

4. Under the Hague Convention and the Child Abduction Act, courts in the United States are authorized to determine only the claim for wrongful removal and retention; courts of the United States do not determine such things as custody and visitation. Those are matters to be determined, if raised, in the courts of the country from which the child was taken. Accordingly, this court has jurisdiction

over this case under 22 U.S.C. Section 9003 and 28 U.S.C. Section 1331. Venue is proper in this district because the child and mother now live in Conroe, Texas.

### III. Background Facts

5. Mr. Jaimes met Ms. Riascos in August, 2007 in Charlotte, North Carolina, where both were living. They began living together two months later but never married. Their daughter Katherine Jaimes Riascos was born July 23, 2009 in Charlotte. Attached as Exhibit 2 is the child's birth certificate. (The International Abduction Act does not require that the complaint contain authenticated documents. (22 U.S.C. Section 9005.))

6. The relationship between the parents was not a smooth one, involving frequent moves and separations. In the summer of 2012, Mr. Jaimes was threatened with deportation. On August 29, 2012, he agreed to a Voluntary Departure that required him to leave the United States by October 28. (See Exhibit 3 attached.) The mother decided it would be better if the child lived in Mexico with her father. Accordingly, on October 18, the mother signed a notarized letter authorizing Mr. Jaimes to leave the country with the child. (See Exhibit 4 attached.) On October 28, 2012, the father and daughter flew from North Carolina to Mexico City. ( See Exhibit 5 attached.)

7. From October, 2012 through July 23, 2014, the child was " habitually resident" of Mexico as that term is used in the Hague Convention.  The child lived with her father in his home town of Iztapalaca, Mexico D.F. in a stable environment.  The child was registered to begin school at the end of the summer of 2014.

8. After the father and daughter had returned to Mexico and before July, 2014, the mother visited the father and child twice.  However, on both occasions, the mother then returned to the United States.  Then in July, 2014, the mother arrived in Mexico for a visit, ostensibly to celebrate the child's fifth birthday.

9. On the evening of July 22, the mother and daughter stayed at the home of Mr. Jaimes' sister who lived nearby.  Early the next morning, Mr. Jaimes learned that during the night, without Mr. Jaimes' knowledge or permission, the mother had spirited the daughter away to parts unknown.  Mr. Jaimes immediately informed local law enforcement about his missing daughter.  But since then, the father and daughter have had no communication, and the mother has given the father no information as to the daughter's whereabouts.

## IV.  Wrongful Removal

10. Under Article 3 of the Hague Convention, removal is wrongful if it is in contravention of the laws of the country where the child was "habitually resident".

The child had been living in Mexico with her father and with the consent of her mother for nearly two years before the abduction. The father was exercising his rights of custody under Articles 3 and 5 of the Hague Convention. The removal was illegal according to Article 416 of the Civil Code for the Federal District. (See Exhibit 6 attached.) On August 4, 2014, Mr. Jaimes filed a request for return with Mexican authorities which was forwarded to the Central Authority for the United States. (See Exhibit 7 attached.) The Central Authority was established pursuant to 22 United States Code Section 9006.

## V. Remedies

11. Unless this Court takes action, irreparable harm will befall the child. Ms. Riascos has already moved the child from North Carolina to frustrate the efforts of Mr. Jaimes to find his daughter. She is being wrongfully detained in Texas, separated from her father, relatives, and the environment to which she had become accustomed. That situation will not change without intervention by the Court.

12. Mr. Jaimes requests that the Court:

a. Issue a show cause order to be served on Ms. Riascos, and that Ms. Riascos be ordered to appear before the Court with the child;

b. Order that Ms. Riascos show cause why the child should be kept from her father in contravention of Mexican law;

c. Order that Ms. Riascos, prior to a hearing as well as during the resolution of this matter, not remove the child from the jurisdiction;

d. Upon final hearing, order that Ms. Riascos return the child to Mr. Jaimes.

e. Award Petitioner all costs and fees as provided by 22 U.S.C. Section 9007.

Respectfully submitted,

Bertrand C. Moser
SDT 1569
TBN 14572000
2415 Robinhood
Houston, Texas 77005
Telephone:  713 807 7455
Facsimile:  713 807 0051
bcmoser@sbcglobal.net
Attorney for Petitioner

VERIFICATION

I am the attorney for the Petitioner  Jose Primitivo Jaimes Sierra.  I am

making this verification on behalf of Mr. Jaimes who is out of the United States

and, at this moment, is not allowed to enter the country.  The allegations in the

above complaint are true based on my review of records provided by the United

States Department of State, records provided by my client, and interviews I have

had with the client and his family.  I make this statement under penalties of

perjury.


Bertrand C. Moser